IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER G. WIESE and
CARLA K. WIESE,

                  Plaintiffs,

        v.

COMMUNITY BANK OF CENTRAL
WISCONSIN, NORMAN B. KOMMER;
AL LAWSON; LARRY HERRINGTON;
JESSE NELSON; KEN SEUBERT;
BILL FINK; J&L STEEL, INC.;
TRI-COUNTY EQUIPMENT, CO.;
DIRECTORS JOHN DOE 1-16; SCOT SISKO;
FARM SERVICE AGENCY;
ED SCHAFER, in his official capacity as
Secretary of Agriculture; BEN BRANCEL,
in his official capacity as the Farm Service
Agency Wisconsin State Executive Director;
ACUITY, a mutual insurance company;

                  Defendants.

                          OPINION and ORDER

                          08-cv-272-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an action for monetary, injunctive and declaratory relief brought by plaintiffs

Walter and Carla Wiese, two former Wisconsin dairy farmers.  With respect to defendants

Community Bank of Central Wisconsin, Norman B. Kommer, Al Lawson, Larry Herrington,

1

Jesse Nelson, Ken Seubert, Bill Fink, J&L Steel, Inc., Tri-County Equipment and the Directors of Community Bank of Central Wisconsin, plaintiffs' complaint spins a tangled tale of fraud, misrepresentation, breach of fiduciary duty, breach of contract, tortious interference with contract and defamation that led to the loss of plaintiffs' dairy farm and two loans that plaintiffs are unable to repay.  With respect to defendants Farm Service Agency, Ed Schafer and Ben Brancel, plaintiffs contend that these defendants violated the Administrative Procedure Act by failing to follow the regulatory requirements of the Farm Services Guaranteed Loan Program, 7 U.S.C. § 1941-49, when approving one of the loans. Jurisdiction is present pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 5 U.S.C. § 702.

This case is before the court on the motion of defendants Farm Service Agency, Schafer and Brancel to dismiss plaintiffs' claims against them under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.  (For the remainder of the opinion I will refer to these three defendants simply as "defendants" because the other defendants are not discussed in the motion to dismiss.)

On October 17, 2008, plaintiffs submitted an amended complaint, dkt. #62, within the deadline provided by this court's pre-trial conference order.  Dkt. #47.  Because plaintiffs' amended complaint does not include any new claims against defendants, it is not necessary to give the parties an opportunity for additional briefing.

2

The question raised by the motion to dismiss is whether the claims plaintiffs bring against defendants are ripe.  From plaintiffs' amended complaint and opposition to defendants' motion to dismiss, I understand that plaintiffs are claiming one distinct injury for which they seek redress: the assessment of a loss claim, or debt, for the unpaid portion of their guaranteed loan.  Plts.' Amd. Cpt., dkt. # 62, at 53-54, ¶ 223(b)-(d); Plts.' Opp. B., dkt. # 50, at 3 (identifying injury as loss claim).  (7 C.F.R. § 762.149 allows a creditor bank to file a "loss claim" with the Farm Service Agency for the amount of an unpaid guaranteed loan.  If the agency approves the claim, it can pay off the bank and collect the debt from the borrower.)  Because the agency has not begun processing or enforcing a loss claim against plaintiffs, there has been no "final agency action" as is required for judicial review of agency decisions under the APA.  Therefore, I must grant the motion to dismiss

Once I dismiss the claims against defendants, the basis for federal jurisdiction is unclear.  None of the remaining claims arise under federal law and the remaining parties are not diverse.  Therefore, I will order plaintiffs to show cause why federal jurisdiction is still present once the claims against the moving defendants are dismissed.

For the sole purpose of deciding this motion, I accept as true the allegations in the complaint.

ALLEGATIONS OF FACT

3

A. <u>Parties</u>

Plaintiffs Walter and Carla Wiese were dairy farmers who owned and managed a dairy farm in Marathon County, Wisconsin.

Defendant Farm Service Agency is the federal agency that administers and manages farm credit, conservation, disaster and loan programs.  The agency maintains an office in Madison, Wisconsin.

Defendant Ed Schafer is Secretary of the United States Department of Agriculture.  He is responsible for the proper enforcement of the Farm Service Agency Guaranteed Loan Program, 7 U.S.C. § 1941, and has the authority to make and insure loans to farmers and ranchers.

Defendant Ben Brancel is State Executive Director for the Farm Service Agency in Wisconsin.  He oversees the operation of all agency offices in the state, approves loss claims before payment, insures equitable treatment in processing loan applications, and determines whether a guaranteed loan may be foreclosed.

B. <u>Background</u>

In 2002, plaintiffs decided to expand their family farm and approached the Community Bank of Central Wisconsin about obtaining an agricultural loan.  The bank agreed to lend plaintiffs $1.34 million to build a new dairy barn and increase the number of

4

cows in their herd.  Because of the bank's experience in agricultural lending, plaintiffs trusted the bank's estimates of the number of cows they would need if they were to produce sufficient income to make their loan payments and pay other necessary expenses.  In addition, plaintiffs asked the bank for assistance in selecting a contractor for the construction of their new barn and followed its suggestion.  The contractor did a poor job of construction, leaving the barn inadequately heated, with the result that many young calves died and milk production was reduced.

## C. Defendant Farm Service Agency's Involvement

In the spring of 2003, plaintiffs sought to draw on their line of credit with the bank to buy seeds and feed but the bank told them that the funds had been spent on the construction of the barn.  The bank offered to refinance portions of the loan if plaintiffs could get a guaranteed loan from Farm Service Agency to insure the new financing.  Plaintiffs decided to apply for the loan, which cost them approximately $5,600.  Although the bank promised plaintiffs that they would receive the line of credit in the spring of 2003, the credit was not available because the bank asked the agency to defer funding for a year.

In accordance with 7 C.F.R. § 762.110, the bank completed the loan application.  The bank performed its own appraisal of the plaintiffs' property and livestock and prepared financial projections of the farm's future profits.  The appraisals and projections contained

5

false and misleading information.  The bank inflated the number of plaintiffs' milk cows from 132 to 172.  The financial projections stated inaccurately that plaintiffs would have 225 cows milking daily once the loan was approved.  The new loan did not allot enough money for plaintiffs to purchase the number of cows necessary to reach a projection of 225 milking cows a day and plaintiffs could not meet this projection by growing from within the herd.  In addition, the bank did not submit financial records for plaintiffs' performance for the past three years.

Plaintiffs received the guaranteed loan but it was based on profits in excess of those plaintiffs could feasibly attain.  In addition, the profit projection disqualified plaintiffs from participating in the agency's interest assistance program, which would have reduced the interest rate on their loan.  Despite the new loan, plaintiffs continued to struggle financially. Eventually plaintiffs could not make their loan payments and the bank foreclosed.

Under 7 C.F.R. § 762.149, the bank can file a loss claim for the unpaid portion of the guaranteed loan.  If the agency approves the claim, it is authorized to pay the bank and collect the remaining debt from plaintiffs.  The agency has yet to approve the loss claim, determine whether a deficiency exists or require plaintiffs to pay a loss claim.

OPINION

A. <u>The Loss Claim</u>

Under 5 U.S.C. § 704, agency action can be reviewed if a statute allows review and if it is "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. What constitutes final agency action has been interpreted in a straightforward way as actions which have the "status of law" and require "immediate compliance with their terms." <u>F.T.C. v. Standard Oil Co. Of California</u>, 449 U.S. 232, 239-40 (1980). The element of finality is important because it allows a court the ability to determine whether the decisions made and actions taken by the agency are in conformity with the relevant statute or regulation. <u>Heckler v. Chaney</u>, 470 U.S. 821, 832 (1985)("[W]hen an agency does act to enforce, that action itself provides a focus for judicial review, inasmuch as the agency must have exercised its power in some manner").

The processing of a loss claim has two phases: (1) the determination whether the loss claim exists and (2) the enforcement of the loss claim and collection of the deficiency. With regard to determining whether a loss claim exists, federal regulations require the agency to approve or deny any claims by a lender after reviewing documents provided by the lender and the agency's audit of the lender's records. 7 C.F.R. § 762.149(i)(3)-(4). When a lender files a loss claim, the borrower is not immediately presumed to owe the deficiency. 7 C.F.R. § 762.149(i)(5)-(6). The agency is required to make an independent determination whether

7

the lender's claim is accurate, whether the lender is entitled to the guarantee and whether the lender has taken proper steps to cure the borrower's default.  Id.  Finally, even when a loss claim has been paid, the agency can require the lender to repay any excessive payments; therefore, loss claims are subject to review.  7 C.F.R. § 762.149(k).

The second phase of processing a loss claim requires the agency to refer the loss claim, or debt, to the Secretary of the Treasury, 7 C.F.R. § 1951.137(a).  Before the debt is reported, the agency is required to send a 60-day-due process notice in which the borrower is given notice of the debt, the opportunity to review "the records related to the debt, from the Agency," and "[a]n opportunity to review the matter within the Agency."  7 C.F.R. § 1951.137(b)(1)-(3).

In this case, plaintiffs have not alleged that any phase of these has occurred.  Because there has been no final determination on the loss claim owed to the bank or an enforcement of a loss claim against plaintiffs, there are no agency decisions or records to review in order to assess whether defendants have failed to follow the requirements of 7 C.F.R. § 762.149. Further, no action taken by the agency regarding the loss claim has affected the plaintiffs' legal rights.  In other words, at this time plaintiffs do not owe a debt on the guaranteed loan. Thus, there is no final agency action for this court to review.  Plaintiffs' claims against the moving defendants will be dismissed.

8

B.  Supplemental Jurisdiction

Once the claims against defendants Farm Service Agency, Ed Schafer and Ben Brancel are dismissed, it is unclear whether federal jurisdiction still exists.  The remaining 15 counts of plaintiffs' complaint are all traditional state law claims of breach of contract, promissory estoppel, negligence, misrepresentation, fraud, breach of fiduciary duty, tortious interference with contract, conspiracy and defamation.  The original basis for bringing these claims was 28 U.S.C. § 1367, the supplemental jurisdiction statute, but without the claims against defendants Schafer, Brancel and the agency, there are no federal claims to which the state law claims can be supplemental.

Anticipating this conclusion, plaintiffs suggest that jurisdiction will still exist under § 1331 because plaintiffs' "other claims will involve declaratory judgments on federal questions."  Plaintiffs contend that this court must determine:

(1) Whether fraud in an application for a guarantee is "negligent servicing" under 7 C.F.R. 762.103(b)(2);

(2) Whether a conflict of interest exists when a lender does not disclose a disputed bill to the  Farm Service Agency in its guarantee loan application;

(3) Whether plaintiffs are third-party beneficiaries of the lender agreement between the agency and the bank.

However, plaintiffs do not assert any federal cause of action under which these "federal

9

questions" arise.  The mere presence of a federal issue, federal standard or federal regulation in a case is not sufficient for the exercise of federal jurisdiction.  <u>E.g.</u>, <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 701 (2006)("it takes more than a federal element 'to open the arising under' door'"); <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 314 (2005)("the presence of disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive.")  In order for this court to retain federal jurisdiction under 28 U.S.C. § 1331, the action must "arise under federal law."

Although the remaining defendants have not filed a motion to dismiss for lack of jurisdiction at this time, the court has an independent obligation to insure that subject matter jurisdiction exists.  Therefore, I will give the parties the opportunity to brief the jurisdictional issue.

ORDER

IT IS ORDERED THAT

1. The motion of defendants Farm Service Agency, Ed Schafer and Ben Brancel to dismiss plaintiffs' claims under the Administrative Procedure Act is GRANTED for failure to state a claim.  Plaintiffs' complaint is DISMISSED as to these three defendants.

2. Plaintiffs are ordered to show cause why the remaining claims should not be dismissed for lack of subject matter jurisdiction.  Plaintiffs may have until November 14,

10

2008, to file a brief addressing this issue.  The defendants may have until November 28, 2008, to file a response.  If plaintiffs do not file a brief on this matter by November 14, 2008, the clerk of court is directed to dismiss the claims against the remaining defendants for lack of jurisdiction and close this case.

Entered this 27th day of October, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

11