IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER G. WIESE and
CARLA K. WIESE,

                                                                       OPINION and ORDER

                     Plaintiffs,

                                                                   08-cv-272-bbc

    v.

COMMUNITY BANK OF CENTRAL
WISCONSIN, NORMAN B. KOMMER;
AL LAWSON; LARRY HERRINGTON;
JESSE NELSON; KEN SEUBERT;
BILL FLINK; J&L STEEL, INC.;
TRI-COUNTY EQUIPMENT, CO.;
DIRECTORS JOHN DOE 1-16;
SCOTT SISKO; FARM SERVICE AGENCY;
ED SCHAFER, in his official capacity as
Secretary of Agriculture; BEN BRANCEL,
in his official capacity as the Farm Service
Agency Wisconsin State Executive Director;

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an action for monetary, injunctive and declaratory relief brought by plaintiffs Walter and Carla Wiese, two former Wisconsin dairy farmers. Plaintiffs filed a seventeen-count complaint alleging one claim arising under federal law and sixteen state law claims.

      In an order dated October 28, 2008, I dismissed plaintiffs' APA claim against

1

defendants Farm Service Agency, Ed Schafer and Ben Brancel, in which they contended that these defendants violated the Administrative Procedure Act (APA) by failing to follow the requirements of 7 U.S.C. § 1941-49.  (For the remainder of the opinion I will refer to these three defendants simply as "defendants" because the other defendants are not discussed in the motion to dismiss.)  Plaintiffs alleged that defendants' decision to enforce a loss claim against them was arbitrary and capricious, in violation of the APA.

Under the APA, a court can review a decision by an agency if plaintiffs have been injured by an agency's decision and the decision is final.  5 U.S.C. § 704.  In this case, the agency had not decided whether plaintiffs owed a loss claim on their guaranty loan, so there was no "final agency action" for the court to review.  It was not possible to determine whether the agency had complied with its regulations or whether its decision was "arbitrary and capricious."

Despite plaintiffs' contention that there were embedded "federal questions" in their state law claims, plaintiffs did not suggest a plausible basis for relief under federal law. Therefore, I ordered them to show cause why their remaining claims invoked federal jurisdiction under 28 U.S.C. § 1331.

Plaintiffs have responded to the October 28 order, clarifying the basis for federal jurisdiction under § 1331 and asking this court to reconsider the dismissal of their APA claims.  Plaintiffs assert that their sole basis for federal jurisdiction is their APA claim.  They

2

have abandoned their argument that the embedded federal questions invoke federal jurisdiction under § 1331; instead, they argue that these federal questions are relevant to standing. In addition, plaintiffs argue that it was error to dismiss their APA claim because they "alleged final agency action."

In order to succeed on a motion for reconsideration, a party must show that this court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). A motion to reconsider should not be used to rehash previous arguments, Oto v. Metro Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000), or raise new arguments that the parties could have raised earlier. Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). In other words, a motion to reconsider is used for the purpose of correcting "manifest errors of law or fact." Id. at 1269.

Plaintiffs' motion to reconsider fails at the outset. Plaintiffs do not challenge the finding that the agency made no final decision on the loss claim. Instead, they argue that it was error to find no "final agency action" in their complaint because they identified two distinct "final agency actions": (1) the agency's approval of the guaranty loan and (2) the agency's failure to require the bank to follow the agency's distressed loan procedures. However, the mere existence of a "final agency action" in plaintiff's complaint is not

3

sufficient to satisfy the requirements of the APA, 5 U.S.C. § 704. A court can review a challenge to only those final agency actions that directly cause plaintiff's alleged injury. Lujan v. National Wildlife Federation, 497 U.S. 871, 891 (1990) ("Under the terms of the APA, respondent must direct its attack against some particular 'agency action' that causes it harm.").

In this case, the regulations governing the agency's decision to approve a guaranty loan or a foreclosure plan are distinct from the regulations governing a loss claim. Plaintiffs' alleged "final agency actions" have no bearing on the agency's decision to approve or enforce a loss claim. In fact, plaintiffs concede that "loss claim processing has nothing to do with the issuance of a guarantee." Plts.' M. to Reconsider, dkt. #74, at 4 . Plaintiffs have failed to demonstrate a direct causal relationship between either "final agency action" and the loss claim. Thus, it was not error to conclude that there was no "final agency action" with respect to the loss claim.

Instead of demonstrating a causal relationship between the agency's action and the loss claim, plaintiffs reiterate the arguments they raised in their complaint that the agency had a pattern of disregarding its statutory duty and that its lack of vigilance caused their injury. However, general claims of an agency's failure to follow its regulations do not allow a federal court to review the agency's decision making process. Lujan, 497 U.S. at 891.

In addition, although plaintiffs brought this motion to challenge the finding that there

4

was no "final agency action," plaintiffs appear to be raising a new injury with respect to the agency's decision on the bank's foreclosure request.  Plaintiffs argue that they were harmed because they were denied the ability to restructure their loan, causing them to lose their farm.  In the case of the foreclosure process, it appears that there was "final agency action."  However, plaintiffs' claim against defendants fails because they lack standing.

To satisfy the constitutional standing requirements, plaintiffs must show that they have an injury-in-fact which is fairly traceable to the actions of the defendants and that judicial determination of their case will redress their injury.  Winkler v. Gates, 481 F.3d 977, 979 (7th Cir. 2007). In this case, plaintiffs have failed to show that defendants caused their injuries, specifically, the inability to restructure their loan and the foreclosure on their farm.  See Lujan, 504 U.S. at 561 ("there must be a causal connection between the injury and the conduct complained of").

According to plaintiffs, they submitted a proposal to restructure their loan to the bank when it was obvious they would be unable to repay.  Allegedly, the bank refused to consider the restructuring plan and later concealed the proposed plan from the agency when obtaining approval to foreclose on the loan.  Plaintiffs contend that if there had been a mediation, the agency would have discovered the bank's alleged deception and compelled the bank to restructure the loan.  However, plaintiffs' allegations contain no suggestion that the agency failed to follow its regulations.  It was the bank that rejected plaintiffs' plan and failed to

5

disclose plaintiffs' attempt to restructure their loan. The agency did not make any decision regarding plaintiffs' restructuring proposal. It merely approved the foreclosure on the basis of the information given to it by the bank. According to plaintiffs' own allegations, it was the bank and not the agency that caused plaintiffs' injury.

Plaintiffs motion does not demonstrate that it was clear error to find no final agency action with respect to the loss claim. Because plaintiffs have failed to show that it was error to dismiss their APA claim, their motion to reconsider the October 28 order will be denied. In addition, because the agency did not cause plaintiffs' injuries with respect to the foreclosure proceeding, plaintiffs lack standing to bring a claim against the agency and, therefore, plaintiffs' claim will be dismissed.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when all of the federal claims have dropped out of the case. Although dismissal of the state law claims is not mandatory in every instance, the general rule is that "if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims." Williams Electronics Games, Inc. v. Garrity, 479 F.3d 904, 907 (7th Cir. 2007) (citing Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999)). In this case I see no reason to retain jurisdiction over the state law claims and plaintiffs do not provide one. Accordingly, I will decline to exercise supplemental jurisdiction under § 1367(c)(3) over plaintiff's state law claims for fraud, misrepresentation, breach of fiduciary duty, breach of contract, tortious interference with contract and

6

defamation.

## ORDER

IT IS ORDERED that

1. Plaintiffs Walter and Carla Wiese's motion for reconsideration is DENIED.

2. Plaintiffs' claims against defendants Community Bank of Central Wisconsin, Norman B. Kommer, Al Lawson, Larry Herrington, Jesse Nelson, Ken Seubert, Bill Flink, Scott Sisko, J&L Steel, Inc., Tri-County Equipment and the Directors of Community Bank of Central Wisconsin John Doe 1-16 are DISMISSED without prejudice to plaintiffs' refiling them in state court.

3. The clerk of court is directed to enter judgment for defendants Ed Schafer, Ben Brancel and Farm Service Agency and close this case.

Entered this 2nd day of December, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge